## Ginsberg *v.* Philadelphia Rapid Transit Co., Appellant.

*Negligence—Street railways—Passenger—Conflict of testimony —Case for jury.*

The appellate court will not reverse a judgment on a verdict in favor of a woman passenger against a street railway company for personal injuries, where the plaintiff's testimony and that of her

brother is in effect that plaintiff was thrown violently from her seat in a car, by a sudden jolt of the car in leaving the rails, and was severely injured, although such testimony is directly contradicted by a number of passengers who were in the car and were eyewitnesses of the occurrence.

Argued Nov. 20, 1916. Appeals, Nos. 348 and 349, Oct. T., 1915, by defendant, from judgment of C. P. Delaware Co., March T., 1914, No. 288, on verdict for plaintiff, in case of Fannie Ginsberg by her next friend and mother, Bessie Ginsberg, and Bessie Ginsberg, individually, v. Philadelphia Rapid Transit Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Bessie Ginsberg for $65 and for Fannie Ginsberg for $600. Defendant appealed.

*Error assigned* was in refusing judgment for defendant n. o. v.

*William I. Schaffer,* with him *E. Wallace Chadwick,* for appellant.

*Albert Dutton MacDade,* with him *Frank S. Morris,* for appellees.

OPINION BY ORLADY, P. J., March 16, 1917:

Verdicts were rendered in favor of the plaintiffs; judgments were entered thereon, and the defendant appeals.

The testimony is very conflicting. The jury were told that the burden was on the plaintiff to convince them that the accident happened as she described it, and if she failed in this, it was the end of her case.

Fannie Ginsberg, the plaintiff, aged fifteen years, was

a passenger with her brother, on a car of the defendant company en route from Chester to Philadelphia. Soon after leaving Chester, for some cause not clearly disclosed, the front trucks of the car left the rails upon entering a switch, and for a distance of about 8 feet ran on the cross ties. The plaintiff and brother occupied a seat near the middle of the car, and she testified that the jar or jolt produced by the car leaving the rail was so violent, that she was thrown from her seat, striking her head against the back of the seat immediately in front of her, producing dizziness, and then on to the floor of the car with great force, where she struck the iron frame work of the seats, and sustained serious physical injuries, evidenced by bruises and discolorations, and resulting in severe headaches, disturbed vision, internal injuries and general nervousness. She was corroborated in every particular by her brother who accompanied her, and who testified that he picked her up' when she was lying face downward in the aisle. They were contradicted as to every material fact by a number of passengers who were in the car, called by the defendant. The testimony cannot be reconciled. The witnesses on one side or the other were deliberately misstating the facts; all were eye witnesses and the accident to the plaintiff was such as would reasonably and naturally attract the attention of persons who were near to her, and all of those who were called by the defendant testified that she was not thrown to the floor; that there was no serious jolt, and that no passenger regarded the jar as unusual and specially that they did not see her change her position in the car.

There is no controversy as to the legal principles involved, and the only tribunal under our administration of the law authorized to dispose of the controverted facts, is the one, to which this question was submitted under proper instructions by the court. The only point submitted, being that of requesting binding instructions for the defendant, which was refused.

The jury in such cases see the witnesses and hear their

118, (1917).]          Opinion of the Court.

testimony, as well as their manner on the stand, and are the better able to judge of their credibility. The trial was conducted in the presence of a judge of large experience, who on a rehearing of the case on a rule for judgment for defendant n. o. v. and for a new trial, refused to disturb the verdict.

Upon the facts as presented by this record, we see no reason for substituting our judgment for that of the jury and of the trial judge, and fail to find any error in the record to warrant a reversal of the judgment.

The judgment is affirmed.